IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HARRIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WILLIAM T. HARRIS, APPELLANT.

Filed June 6, 2017.    No. A-16-824.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

William T. Harris, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

INBODY, RIEDMANN, and ARTERBURN, Judges.

INBODY, Judge.

## I. INTRODUCTION

William T. Harris appeals an order of the Douglas County District Court denying his motion for postconviction relief without affording him an evidentiary hearing. We find no merit to Harris' assertions on appeal, and we affirm.

## II. STATEMENT OF FACTS

In August 2013, Harris appeared in district court for entry of a plea, and pursuant to a plea agreement, the State amended the information to first degree assault and use of a deadly weapon to commit a felony. Harris entered pleas of no contest to both charges. The factual basis for Harris' plea revealed that:

> [O]n February 7th[,] 2013, officers responded to a shooting . . . . Upon arriving to [the] location, they made contact with the victim . . . who had been shot 12 times in the torso or

chest, two times in the arm, and once in the leg, and she was transported to the hospital and survived the shooting. She indicated that she knew . . . Harris. They had only known each other for about a month, that they were hanging out on that particular day, at which time he pulled a firearm out and shot her the 15 times.

Shortly after the shooting, officers were also called . . . to check on a suspicious party in a parking lot. That person was identified as . . . Harris. He was complaining of chest pain and was transported to University Hospital for treatment.

Upon transport to the hospital, he made statements to the medic indicating that "I'm sorry for everything. I hope she doesn't die. If you keep me alive, I will tell you everything." He also indicated, "I'm going to jail or prison." And the medic asked, "Why?" He responded, "I was at the apartment where a girl was shot."

. . . there were multiple bullets that were recovered indicating that it was a firearm operating.

The district court found Harris guilty of first degree assault and use of a deadly weapon to commit a felony and sentenced him to a total of 50 to 70 years' imprisonment.

Harris filed a direct appeal to this court in which his sole assignment of error was that the sentences imposed were excessive. Harris was represented by the same counsel at trial and on direct appeal. The State filed a motion for summary affirmance which was granted by this court. Case No. A-13-965.

In October 2014, Harris filed a pro se motion for postconviction relief in which he made numerous claims of trial court error and ineffective assistance of trial and appellate counsel. In March 2015, the district court denied Harris' motion for postconviction relief and determined that an evidentiary hearing was not necessary. In June 2015, Harris sought to appeal the denial of postconviction relief; however, this court dismissed that appeal, in case No. A-15-558, as untimely, and the Nebraska Supreme Court denied Harris' petition for further review. Thereafter, Harris filed a motion in district court to reinstate his postconviction appeal claiming that the order denying postconviction relief was forwarded to the Diagnostic and Evaluation Center after he was transferred to the Tecumseh State Penitentiary. The district court determined that Harris was denied notice due to official negligence and reinstated his first postconviction appeal. Harris now appeals the denial of his motion for postconviction relief without an evidentiary hearing.

### III. ASSIGNMENTS OF ERROR

On appeal, Harris' assigned errors, restated and consolidated, are that the district court erred in denying his motion for postconviction relief without an evidentiary hearing because of the ineffective assistance of trial and appellate counsel.

### IV. STANDARD OF REVIEW

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or U.S. Constitutions. *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99

(2017). However, an evidentiary hearing may be denied when the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Watson*, 295 Neb. 802, 891 N.W.2d 322 (2017).

Whether a claim raised in a postconviction proceeding is procedurally barred is question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Jackson*, 296 Neb. 31, 892 N.W.2d 67 (2017).

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. DeJong*, 292 Neb. 305, 872 N.W.2d 275 (2015). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the question of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *Id*.

## V. ANALYSIS

In his appellate brief, Harris alleges multiple postconviction claims, including allegations of trial court error and ineffective assistance of trial and appellate counsel. Although Harris' claims were repetitive and verbose, he generally claims that: (1) the district court erred in not making the necessary findings of facts and, therefore, did not reach the merits of his claims; (2) the district court failed to determine the question of his competency and should have stopped the proceedings to determine his competency; (3) trial counsel induced Harris to enter a no contest plea; (4) trial counsel knew Harris was incompetent at the plea hearing, but failed to request a competency hearing, causing a violation of Harris' rights against self-incrimination; (5) trial counsel failed to investigate and prepare an affirmative defense, including a failure to obtain Harris' inpatient medical records; (6) trial counsel failed to preserve the above claims of error on appeal; and (7) appellate counsel failed to raise the same claims on appeal.

### 1. TRIAL COURT ERROR

#### (a) Findings of Fact and Conclusions of Law

Harris contends the district court erred in failing to make specific findings of fact and conclusions of law in its order denying his motion for postconviction relief. Specifically, Harris contends that the trial court insufficiently determined "all of Harris' issues beyond the failure of counsel to file a motion to determine competency." Brief for appellant at 6. Harris claims that this court cannot reach the merits of Harris' contention that the district court erred in denying relief and, therefore, the cause must be remanded with instructions to the trial court to determine all of the issues and make findings of facts and conclusions of law consistent with Neb. Rev. Stat. § 29-3001 (Reissue 2016).

"When a court *grants* an evidentiary hearing in postconviction proceedings, it is obligated to determine the issues and make findings of fact and conclusions of law." *State v. Harris*, 294

Neb. 766, 778, 884 N.W.2d 710, 719 (2016) (emphasis supplied). However, this same requirement is not outlined as an obligation in § 29-3001 or relevant case law. Although not perhaps as detailed as Harris' postconviction motion, the district court's order is sufficient, particularly as we review this case de novo. Therefore, we find Harris' assignment of error to be without merit.

### (b) Failure to Determine Harris' Competency

Harris contends the district court failed to determine the question of his competency and should have stopped the proceedings to determine his competency.

A court is not required to make a competency determination in every case in which a defendant seeks to plead guilty or to waive his or her right to counsel; a competency determination is necessary only when a court has reason to doubt the defendant's competence. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016).

There was no basis for the court to question Harris' competency when he entered the no contest plea. During the plea hearing, Harris represented to the court that he was not suffering from any mental or emotional disabilities, and that he was not under the influence of alcohol, drugs, or prescriptions. Further, throughout the plea hearing, Harris' responses to questions from the court were coherent and distinct.

Based on our review of the record, it is apparent Harris understood the nature and object of the proceedings, was able to comprehend his own condition in reference to such proceedings, and was able to make a rational defense. See *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). There is nothing in the record that would cause the district court to doubt Harris' competency to plead. Thus, we find this assignment to be without merit.

### 2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In order to establish a right to postconviction relief based on an ineffective assistance of counsel claim, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. To establish the prejudice element of the *Strickland v. Washington* test, a defendant must show that the counsel's deficient performance was of such gravity to render the result of the proceeding fundamentally unfair. *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014). Such prejudice is shown by establishing that but for the counsel's deficient performance, there is a reasonable probability that the case's outcome would have been different. *Id*. The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *State v. Armendariz, supra*. The entire ineffective analysis is viewed with a strong presumption that counsel's actions were reasonable. *Id*.

The Nebraska Supreme Court has upheld the dismissal of a postconviction motion when claiming trial counsel was ineffective where the motion did not include specific factual allegations to support the claim. See *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010). The trial court does not err in denying relief when the postconviction motion is absent of such allegations. *Id*.

- 4 -

### (a) Inducement to Enter No Contest Plea

Harris contends his counsel at trial was ineffective because trial counsel coerced Harris to enter into a no contest plea by telling Harris that he talked with the trial court judge and made arrangements to have Harris evaluated by a mental health professional and receive a competency hearing at the time of sentencing in return for giving "appropriate answers" of "yes and no." Harris also claims that his trial counsel failed to make a record at sentencing of the district court judge "backing out of the arrangement" to have Harris evaluated by a qualified mental health professional in return for a competency hearing.

The record demonstrates that the trial court specifically asked if anyone told Harris, or caused him to believe, that if he entered into a plea that he "would be rewarded, be given a light sentence, or in any way rewarded other than what has been put on the record" and if there had been any "threats, inducements, or promises of leniency by anyone" to get him to plead. Harris answered in the negative to both inquiries. Harris indicated to the trial court that his plea was his own free and voluntary act. Therefore, the record demonstrates Harris is not entitled to relief on this assertion and his trial counsel was not ineffective.

### (b) Failure to Request Competency Hearing

Harris claims his trial counsel was ineffective because his counsel knew Harris was incompetent at the plea hearing, but failed to request a competency hearing, causing a violation of Harris' rights against self-incrimination.

In order to demonstrate prejudice from counsel's failure to investigate competency and failing to seek a competency hearing, the defendant must demonstrate that there is a reasonable probability that he or she was, in fact, incompetent and that the trial court would have found him or her incompetent had a competency hearing been conducted. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012). The fundamental question is whether the defendant's mental disorder or condition prevents the defendant from having the capacity to understand the nature and object of the proceedings, comprehend the defendant's own condition in reference to such proceedings, and to make a rational defense. *Id*.

As we determined previously, upon our review of the record, it is evident Harris understood the nature and object of the proceedings, was able to comprehend his own condition, and was able to make a rational defense. At the time of his plea, Harris indicated to the court that he was not suffering from any mental or emotional disabilities, and that he was not under the influence of alcohol, drugs, or prescriptions. Moreover, Harris' responses to the court's questioning were clear and understood. The record demonstrated Harris had the capacity to understand, was not incompetent, that he understood he was at the hearing to enter a plea, and that he comprehended the consequences of his actions. Consequently, Harris' counsel was not ineffective and this claim is without merit.

### (c) Failure to Investigate and Prepare Affirmative Defense

Harris also claims that his trial counsel was ineffective for failing to investigate and prepare an affirmative defense, including a failure to obtain his inpatient medical records or consulting with a forensic psychiatry expert.

In order to receive an evidentiary hearing for postconviction relief, a defendant is required to make specific allegations instead of mere conclusions of fact or law. *State v. Huston*, 291 Neb. 708, 868 N.W.2d 766 (2015). In the absence of specific allegations, a trial court need not conduct a discovery hearing to determine if there exists anywhere in the world some evidence favorable to the defendant's case. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). In assessing postconviction claims that trial counsel was ineffective in failing to call a particular witness, the trial court need not conduct an evidentiary hearing where the postconviction motion does not include specific allegations regarding the testimony the witness would have given if called. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016).

In this instance, Harris failed to allege any specific facts to demonstrate that he is entitled to relief. Harris failed to demonstrate how his trial counsel's alleged failure to investigate an affirmative defense, obtain medical records, or consult with a forensic psychiatrist, resulted in prejudice to Harris when he voluntarily entered a no contest plea. Harris claims that had his trial counsel investigated a proper defense, he would not have pled no contest and insisted to go to trial, but does not provide any indication on how or why that is true. Thus, we find this claim to be without merit.

### (d) Failure to Preserve Claims on Appeal

Harris argues that his counsel was ineffective because "[t]rial [c]ounsel's deficient performance and failures prevented the [t]rial [r]ecord from being preserved properly" and his trial counsel failed to raise any of the above claims on direct appeal. Brief for appellant at 15.

A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when: (1) the defendant was represented by different counsel on direct appeal than at trial; (2) an ineffective assistance of trial counsel claim was not brought on direct appeal; and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017). A defendant cannot secure review of issues which were or could have been litigated on direct appeal on a motion for postconviction relief. *Id*.

Claims of ineffective assistance of counsel raised on direct appeal by the same counsel who represented the defendant at trial are premature and will not be addressed on direct appeal. *State v. Parnell*, 294 Neb. 551, 883 N.W.2d 652 (2016), *cert. denied* ___ U.S. ___, 137 S. Ct. 1212, 197 L. Ed. 2d 254 (2017). When a defendant is represented both at trial and on direct appeal by the same counsel, the defendant's first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief. *State v. Fox*, 286 Neb. 956, 840 N.W.2d 479 (2013).

Because Harris was represented by the same counsel at trial and on direct appeal, this postconviction action was his first opportunity to raise claims of ineffective assistance of counsel. As such, his trial counsel was not ineffective for not raising these issues on appeal. This assertion is without merit.

### 3. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Harris claims his appellate counsel was ineffective for failing to raise the previously mentioned claims on direct appeal.

When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. *State v. Huston*, 291 Neb. 708, 868 N.W.2d 766 (2015). That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. *Id*. Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the appeal's result. *Id*. When a case presents layered ineffectiveness claims, we determine the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the *Strickland* standard. *Id*. If trial counsel was not ineffective, then the defendant suffered no prejudice when appellant counsel failed to bring an ineffective assistance of trial counsel claim. *Id*.

Having determined the district court properly determined that Harris' claims of ineffective assistance of trial counsel were without merit and did not require an evidentiary hearing, it follows that appellate counsel was not ineffective for failing to raise the previously mentioned issues on direct appeal. Therefore, the district court properly found that Harris' claim of ineffective assistance of appellate counsel was without merit and an evidentiary hearing was not required.

## VI. CONCLUSION

For the reasons discussed above, we conclude the district court did not err in denying Harris' motion for postconviction relief without a hearing. The files and records affirmatively demonstrate that Harris is entitled to no relief on his ineffective assistance of trial and appellate counsel. Therefore, we affirm the district court's order.

AFFIRMED.