Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/24/2016 09:09 AM CDT

State of Nebraska, appellee, v.
David K. Harrison, appellant.
___ N.W.2d ___

Filed June 24, 2016.    No. S-15-1085.

1. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.
2. **Judgments: Appeal and Error.** The findings of the district court in connection with its ruling on a motion for a writ of error coram nobis will not be disturbed unless they are clearly erroneous.
3. **Judgments: Evidence: Appeal and Error.** The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if know at the time the judgment was rendered, would have prevented its rendition.
4. ____: ____: ____. A writ of error coram nobis reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment.
5. **Judgments: Appeal and Error.** A writ of error coram nobis is not available to correct errors of law.

Appeal from the District Court for Douglas County: Horacio J. Wheelock, Judge. Affirmed.

David K. Harrison, pro se.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Cassel, J.

## INTRODUCTION

David K. Harrison appeals from the district court's order overruling his second motion for postconviction relief and denying his request for a writ of error coram nobis. We conclude that Harrison's motion was not timely filed. We also conclude that his request for a writ of error coram nobis was properly denied, because he asserts only errors of law. We therefore affirm the district court's order.

## BACKGROUND

In 1985, Harrison was convicted of first degree murder and sentenced to life imprisonment. On direct appeal, we affirmed his conviction and sentence.[1] In 1999, he filed a motion for postconviction relief, alleging that his constitutional rights were violated for various reasons. After an evidentiary hearing, the district court overruled Harrison's motion. We affirmed.[2]

On April 27, 2015, Harrison filed a second postconviction motion "TO VACATE AND SET ASIDE CONVICTION AND SENTENCE AND/OR WRIT OF ERROR CORAM NOBIS," which is the subject of this appeal. He alleged three grounds for relief: (1) judicial misconduct, (2) the record lacks a commitment order, and (3) the jury instructions were erroneous pursuant to *State v. Smith*[3] and *State v. Trice*.[4]

The district court denied Harrison's request for a writ of error coram nobis and overruled his motion for postconviction relief without an evidentiary hearing. It concluded that his motion for postconviction relief was procedurally barred as successive and that it was barred as untimely under Neb.

---

[1] *State v. Harrison*, 221 Neb. 521, 378 N.W.2d 199 (1985).

[2] *State v. Harrison*, 264 Neb. 727, 651 N.W.2d 571 (2002).

[3] *State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011).

[4] *State v. Trice*, 286 Neb. 183, 835 N.W.2d 667 (2013).

Rev. Stat. § 29-3001(4) (Cum. Supp. 2014). It did not separately discuss his request for a writ of error coram nobis. Harrison appeals.

## ASSIGNMENTS OF ERROR

Harrison assigns, restated and consolidated, that the district court erred in (1) overruling his motion for postconviction relief without an evidentiary hearing and (2) denying his request for a writ of error coram nobis.

## STANDARD OF REVIEW

[1] An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution.[5] However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.[6]

[2] The findings of the district court in connection with its ruling on a motion for a writ of error coram nobis will not be disturbed unless they are clearly erroneous.[7]

## ANALYSIS

### POSTCONVICTION MOTION

Harrison claims that the district court erred in overruling his motion for postconviction relief for several reasons. First, he argues that the record shows judicial misconduct at his trial that violated his constitutional rights. Second, he argues that the record lacks a commitment order and that its absence violates his 5th and 14th Amendment rights. And third, he argues that he is entitled to relief pursuant to *Smith* and *Trice*, which he claims announced a new criminal rule applicable to

---

[5] *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015).

[6] *Id.*

[7] *State v. Diaz*, 283 Neb. 414, 808 N.W.2d 891 (2012).

his case. He also argues that the foregoing errors demonstrate plain error.

Before we can address Harrison's arguments, we must first determine whether the district court correctly concluded that his motion was untimely. The Nebraska Postconviction Act contains a 1-year time limit for filing a verified motion for postconviction relief, which runs from one of four triggering events or August 27, 2011, whichever is later.[8] Briefly summarized, the triggering events are: (a) The date the judgment of conviction became final, (b) the date the factual predicate of the constitutional claim alleged could have been discovered through due diligence, (c) the date an impediment created by state action was removed, or (d) "[t]he date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court . . . ."[9]

Clearly, the first three triggering events do not apply. Subsection (a) does not apply, because Harrison's conviction became final in 1985. Subsection (b) does not apply, because the factual predicates for Harrison's constitutional claims are found in the trial record. And subsection (c) does not apply, because Harrison does not allege that the State created an impediment that prevented him from filing his postconviction motion.

And the fourth triggering event does not apply, although it requires a little more discussion. Under subsection (d), the 1-year period can run from "[t]he date on which a constitutional claim asserted was initially recognized . . . ."[10] Harrison's first two arguments regarding judicial misconduct and the commitment order do not invoke subsection (d), because any constitutional claim they attempt to raise was recognized before August 27, 2011. And Harrison's third argument regarding

---

[8] § 29-3001(4).

[9] Id.

[10] § 29-3001(4)(d).

*Smith* and *Trice* does not invoke subsection (d). He argues that *Smith* recognized a new criminal rule that is applicable to his case pursuant to *Trice*, where we applied *Smith* on direct review.

Although *Smith* announced a new rule,[11] it did not recognize a new constitutional claim. In *Smith*, we held that a step instruction which required the jury to convict the defendant of second degree murder if it found an intentional killing, but did not permit the jury to first consider whether the killing was provoked by a sudden quarrel, was an incorrect statement of the law. This conclusion was based upon our interpretation of the statute that defines manslaughter,[12] not on any newly recognized constitutional right. Later, in an unrelated case with the same caption, we applied *Smith* on direct review but clarified that *Smith* "did not announce a new constitutional rule."[13] Because *Smith* did not recognize a new constitutional claim or rule, it is not a triggering event under subsection (d). It follows that the cases applying *Smith* are not triggering events.

Moreover, even if *Smith* or *Trice* had recognized a new constitutional claim, Harrison's motion would still be untimely. The 1-year period runs from the date on which the constitutional claim was initially recognized.[14] It does not run from the release of subsequent cases applying the new constitutional claim retroactively.[15] *Smith* was released in 2011, and *Trice* was released in 2013. Harrison filed the instant motion in April 2015, well after the 1-year period of limitation would have expired if either case had recognized a new constitutional claim.

Because none of Harrison's arguments invoked any triggering event under § 29-3001(4), the 1-year period began to run

---

[11] See *State v. Trice, supra* note 4.

[12] Neb. Rev. Stat. § 28-305 (Reissue 2008).

[13] *State v. Smith*, 284 Neb. 636, 655, 822 N.W.2d 401, 416 (2012).

[14] See *State v. Goynes, ante* p. 288, 876 N.W.2d 912 (2016).

[15] *Id.*

on August 27, 2011. It follows that the instant motion, filed on April 27, 2015, was time barred.

### WRIT OF ERROR CORAM NOBIS

Harrison combined his motion for postconviction relief with a request for a writ of error coram nobis. He claims that the district court erred in denying the request. We disagree.

[3-5] The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition.[16] The writ reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment.[17] The writ is not available to correct errors of law.[18]

Harrison does not allege any errors appropriate for coram nobis relief. He alleges errors related to the jury instructions, judicial misconduct, and the commitment order. These are all purported errors of law, and a writ of error coram nobis is not available to correct errors of law.[19] Thus, the district court did not err in denying Harrison's request.

### CONCLUSION

The district court did not err in overruling Harrison's motion for postconviction relief, because it was not timely filed. And the district court did not err in denying Harrison's request for a writ of error coram nobis, because he asserts only errors of law. Accordingly, we affirm the district court's order.

AFFIRMED.

---

[16] *State v. Harris*, 292 Neb. 186, 871 N.W.2d 762 (2015).

[17] *Id.*

[18] *Id.*

[19] See, *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014) (misconduct at trial); *State v. Diaz, supra* note 7 (ineffective assistance of trial counsel).