IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. HONKEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ROBERT S. HONKEN, APPELLANT.

Filed November 3, 2020.    No. A-19-949.

Appeal from the District Court for Hamilton County: RACHEL A. DAUGHERTY, Judge. Affirmed.

Robert S. Honken, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

BISHOP, Judge.

Robert S. Honken was previously convicted of two counts of conspiracy to commit first degree murder, and was sentenced to 45 to 50 years' imprisonment on each count, to be served concurrently. His convictions and sentences were affirmed on direct appeal by this court in *State v. Honken*, 25 Neb. App. 352, 905 N.W.2d 689 (2017).

More than 1 year after the mandate issued in *State v. Honken, supra*, Honken filed numerous pro se pleadings requesting relief, including a verified motion for postconviction relief, a petition for writ of error coram nobis, and a motion for new trial. The Hamilton County District Court denied Honken's requests for relief for various reasons. Honken appeals the district court's order denying him relief. We affirm.

## BACKGROUND

### TRIAL AND DIRECT APPEAL

This case arose out of Honken's attempt to hire two different individuals, including an undercover investigator, to kill his wife. Following a stipulated bench trial, Honken was convicted of two counts of conspiracy to commit first degree murder, and was sentenced to 45 to 50 years' imprisonment on each count, to be served concurrently. His convictions and sentences were affirmed on direct appeal by this court in *State v. Honken, supra*. At the time of his direct appeal, Honken was represented by different counsel than at the time of trial. This court's mandate in the former case was issued on January 22, 2018, and the district court entered judgment on our mandate on January 29.

### SUBSEQUENT REQUESTS FOR RELIEF AND DISTRICT COURT'S ORDER

Between June 24 and July 15, 2019, Honken filed numerous pro se requests for relief. On June 24, Honken filed (1) a verified motion for postconviction relief, (2) a motion for evidentiary hearing to make a record for postconviction relief, (3) a petition for writ of error coram nobis, (4) two motions for absolute discharge, (5) a motion to suppress, (6) two motions for appointment of counsel, and (7) a motion to proceed in forma pauperis. On July 5, Honken filed (1) a motion for absolute discharge, (2) a motion to suppress, (3) a motion for appointment of counsel, and (4) a motion to proceed in forma pauperis. On July 15, Honken filed a motion for new trial. The contents of Honken's pleadings will be discussed as necessary in the analysis.

On August 30, 2019, the district court denied all of Honken's requests for relief without holding an evidentiary hearing. The court found that Honken's motion for postconviction relief was time barred, and did not otherwise affirmatively show that he was entitled to relief. The court noted that Honken's writ for error coram nobis was substantially similar to his motion for postconviction relief and raised the same claims. The court found that the writ challenged errors of law and did not allege specific facts that would have prevented a conviction, and therefore, the writ, on its face, provided no possibility of relief. As to Honken's motion for new trial, the court found that to the extent Honken's claims were based on grounds other than "newly discovered evidence," he failed to timely file the motion or allege facts showing that such a filing was unavoidably prevented. And to the extent that Honken's motion for new trial was based on "newly discovered evidence," he failed to allege facts showing the information could not have been discovered and produced at trial; further any alleged "newly discovered evidence" that discredited a witness at trial did not justify a new trial. Finally, the court found Honken's two motions to suppress and three motions for absolute discharge were untimely filed. Accordingly, the district court denied all of Honken's requests for relief.

Honken appeals.

## ASSIGNMENTS OF ERROR

Summarized, Honken assigns that the district court erred when it denied his motion for postconviction relief, his petition for writ of error coram nobis, and his motion for new trial without an evidentiary hearing.

## STANDARD OF REVIEW

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *State v. Hessler*, 305 Neb. 451, 940 N.W.2d 836 (2020).

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Jackson*, 296 Neb. 31, 892 N.W.2d 67 (2017).

The findings of the district court in connection with its ruling on a motion for a writ of error coram nobis will not be disturbed unless they are clearly erroneous. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016).

A de novo standard of review applies when an appellate court is reviewing a trial court's dismissal of a motion for a new trial under Neb. Rev. Stat. § 29-2102(2) (Reissue 2016) without conducting an evidentiary hearing. See *State v. Cross*, 297 Neb. 154, 900 N.W.2d 1 (2017).

## ANALYSIS

### POSTCONVICTION RELIEF

Honken contends that the district court erred in overruling his motion for postconviction relief without an evidentiary hearing.

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Newman, supra*.

A trial court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Newman, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in a case affirmatively show the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*. Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

In his 32-page motion for postconviction relief, Honken alleged more than 40 claims of ineffective assistance of trial counsel, approximately 30 claims of ineffective assistance of appellate counsel, approximately 15 claims of prosecutorial misconduct, more than 10 errors by the trial court, and actual innocence. Many of his individual claims are found in more than one of the categories above. While we do not set forth each of Honken's individual claims, they include claims related to the failure to file motions to suppress, the failure to interview or call witnesses, the admissibility of evidence, an entrapment defense, the failure to investigate his competency, a

violation of his right to a speedy trial, attorney conflict of interest, and the failure to inform him of a plea offer.

Before we can address Honken's arguments, we must first determine whether the district court correctly concluded that his motion was untimely. The Nebraska Postconviction Act contains a 1-year time limit for filing a verified motion for postconviction relief, which runs from one of four triggering events or August 27, 2011, whichever is later. *State v. Harrison*, 293 Neb. 1000, 881 N.W.2d 860 (2016). See, also, Neb. Rev. Stat. § 29-3001(4) (Reissue 2016). Section 29-3001(4) states:

A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

Here, Honken's judgment of convictions became final when this court issued its mandate on January 22, 2018. See *State v. Koch*, 304 Neb. 133, 933 N.W.2d 585 (2019) (direct appeal concluded once appellate court issued mandate, not when district court entered judgment on mandate). Honken filed his postconviction motion on June 24, 2019, more than 1 year after the date the mandate was issued by the appellate court. Accordingly, Honken's motion for postconviction relief was time barred absent facts that bring his claim within § 29-3001(4)(b), (c), or (d).

Honken made no argument which could be construed as bringing his claim within § 29-3001(4)(c) or (d). As to § 29-3001(4)(b), Honken alleged that his trial counsel was ineffective for failing to communicate a plea offer by the county attorney. Honken alleged he received "[d]ocuments" on June 7, 2019, regarding a plea offer that was never discussed with him; he states, "see Exhibit 'A' Never discuss what the deal was, I should have been told." However, there is no exhibit "A" attached to his motion. As stated by the district court:

While this allegation arguably is one that may warrant an evidentiary hearing, the Court notes that [Honken] had different counsel on appeal than he did at the trial court level. There is no factual allegation to explain why [Honken] could not have obtained this information through the exercise of due diligence prior to the one-year deadline imposed in [§ 29-3001(4)(a)]. [Honken] does not allege that the factual predicate for his ineffective assistance claim was not discoverable through the exercise of due diligence within the

- 4 -

one-year limitation period. As such, the Court finds that [Honken] does not meet the criteria as set forth in [§ 29-3001(4)(b)].

We agree with the district court that Honken did not meet the criteria as set forth in § 29-3001(4)(b). And, as noted by the State, Honken does not argue on appeal that the district court erred in not finding this claim timely under § 29-3001(4)(b).

In fact, when discussing postconviction relief in his brief, Honken states, "[w]hether timely presented or not," he has a claim of "Actual Innocence." Brief for appellant at 18. Honken's postconviction motion alleged he was actually innocent of the crimes for which he was convicted. He supports his allegation by referencing alleged procedural errors, a warrantless search and illegal arrest, speedy trial issues, coercion to have a bench trial instead of a jury trial, issues of his own competency, attorney conflict of interest, the use of a paid informant by law enforcement to entrap him, inconsistent statements by "several informants," recently revealed persons "that had information to clear defendant," and alleged claims of ineffective assistance of counsel. In his brief to this court, Honken contends than an "actual [i]nnocence claim is clearly warranted in this case." *Id*. at 19. The trial court found Honken made generalizations but did not allege specific facts that would have prevented a conviction. We agree.

In *State v. Dubray,* 294 Neb. 937, 947-48, 885 N.W.2d 540, 551 (2016), the Nebraska Supreme Court stated:

> A claim of actual innocence may be a sufficient allegation of a constitutional violation under the Nebraska Postconviction Act. The essence of a claim of actual innocence is that the State's continued incarceration of such a petitioner without an opportunity to present newly discovered evidence is a denial of procedural or substantive due process. The threshold to entitle a prisoner to an evidentiary hearing on such a postconviction claim is "'extraordinarily high.'" Such a petitioner must make a strong demonstration of actual innocence because after a fair trial and conviction, the presumption of innocence vanishes.

Actual innocence means that a defendant did not commit the crime for which he or she is charged. *Nadeem v. State*, 298 Neb. 329, 904 N.W.2d 244 (2017) (comparing legal innocence with actual innocence). Honken has not met the extraordinarily high threshold of alleging facts sufficient to show he is actually innocent of the crimes; none of his alleged facts show that he did not commit the crimes for which he was convicted. Accordingly, the district court did not err in denying Honken's motion for postconviction relief without an evidentiary hearing.

WRIT OF ERROR CORAM NOBIS

Honken contends that the district court erred in overruling his petition for writ of error coram nobis without an evidentiary hearing.

The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. *State v. Harrison, supra*. The writ reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment. *Id.* The writ

is not available to correct errors of law. *Id.* The burden of proof in a proceeding to obtain a writ of error coram nobis is upon the applicant claiming the error, and the alleged error of fact must be such as would have prevented a conviction. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016). It is not enough to show that it might have caused a different result. *Id.*

In his 34-page petition for writ of error coram nobis, Honken's claims are the same as those alleged his motion for postconviction relief. Honken alleged more than 40 claims of ineffective assistance of trial counsel, approximately 30 claims of ineffective assistance of appellate counsel, approximately 15 claims of prosecutorial misconduct, and more than 10 errors by the trial court. However, claims of errors or misconduct at trial and ineffective assistance of counsel are inappropriate for coram nobis relief. *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014).

Honken also made a claim of actual innocence. But, as noted previously, Honken did not allege facts sufficient to show he is actually innocent of the crimes; none of his alleged facts show that he did not commit the crimes for which he was convicted. See *Nadeem v. State, supra*. Accordingly, the district court did not err in denying Honken's petition for a writ of error coram nobis without an evidentiary hearing.

MOTION FOR NEW TRIAL

Honken contends that the district court erred in denying his motion for new trial without an evidentiary hearing.

Honken was convicted of his crimes in November 2016, and this court affirmed his convictions and sentences in December 2017; our mandate was issued on January 22, 2018. Honken did not file his motion for new trial until July 15, 2019. In his motion for new trial, Honken claimed there were numerous irregularities and misconduct during the proceedings. His claims are similar to those made in his motion for postconviction relief and in his petition for writ of error coram nobis. His claims included allegations of a violation of his right to speedy trial, "false testimony" and "false evidence" by named individuals, "false statements" by "informants," "inconsistent statements" by named individuals, the admissibility of evidence, evidence of entrapment, the failure to disclose exculpatory evidence, the failure to discuss a plea offer, issues of Honken's competency, attorney conflict of interest, the ineffective assistance of his trial and appellate counsel, prosecutorial misconduct, and judicial errors.

Grounds for a new trial are set forth in Neb. Rev. Stat. § 29-2101 (Reissue 2016) which states:

> A new trial, after a verdict of conviction, may be granted, on the application of the defendant, for any of the following grounds affecting materially his or her substantial rights: (1) Irregularity in the proceedings of the court, of the prosecuting attorney, or of the witnesses for the state or in any order of the court or abuse of discretion by which the defendant was prevented from having a fair trial; (2) misconduct of the jury, of the prosecuting attorney, or of the witnesses for the state; (3) accident or surprise which ordinary prudence could not have guarded against; (4) the verdict is not sustained by sufficient evidence or is contrary to law; (5) newly discovered evidence material for the defendant which he or she could not with reasonable diligence have discovered and produced at the trial; (6) newly discovered exculpatory DNA or similar forensic testing evidence obtained under the DNA Testing Act; or (7) error of law occurring at the trial.

- 6 -

If the motion for new trial and supporting documents fail to set forth sufficient facts, the court may, on its own motion, dismiss the motion without a hearing. § 29-2102.

In his motion for new trial, Honken specifically mentions § 29-2101(3), (4), and (5). However, for the sake of completeness, we will also briefly address the other grounds for new trial as well.

None of Honken's allegations fall within § 29-2101(6). And a motion for new trial based on the grounds set forth in § 29-2101(1), (2), (3), (4), or (7) shall be filed within 10 days after the verdict was rendered unless such filing is unavoidably prevented. Neb. Rev. Stat. § 29-2103(3) (Reissue 2016). Honken did not file his motion for new trial within 10 days after the verdict was rendered. And although Honken claims that his filing was unavoidably prevented, the record before us and the allegations in Honken's own motion refute his claim.

The record before us reveals that Honken was present for the trial court proceedings. Honken confirmed to the trial court his desire to waive his right to a jury trial and to proceed to trial based upon stipulated facts. The record also reveals that Honken confirmed his trial counsel's statements to the court that Honken "did not want to go through with a full-blown trial with live witnesses" and that counsel's "instructions are to not object" to the State's exhibits and to submit the evidence to the court. Because Honken was present during the trial court proceedings or otherwise should have been aware of any issues under § 29-2101(1), (2), (3), (4), or (7), he did not allege facts showing that his filing for a motion for new trial on such grounds was unavoidably prevented. Furthermore, although Honken makes allegations of prosecutorial misconduct, he did not support his allegations with an affidavit. See § 29-2102 (grounds set forth in § 29-2101(2), (3), and (6) shall be supported by affidavits showing truth of such grounds, and grounds may be controverted by affidavits; if motion for new trial and supporting documents fail to set forth sufficient facts, court may, on its own motion, dismiss motion without hearing.)

Honken's motion for new trial also alleged newly discovered evidence pursuant to § 29-2101(5). A motion for new trial based on the grounds set forth in § 29-2101(5) shall be filed within a reasonable time after the discovery of the new evidence and cannot be filed more than 5 years after the date of the verdict, unless the motion and supporting documents show the new evidence could not with reasonable diligence have been discovered and produced at trial and such evidence is so substantial that a different result may have occurred. See § 29-2103(4). The ground set forth in § 29-2101(5) shall be supported by evidence of the truth of the ground in the form of affidavits, depositions, or oral testimony. § 29-2102(1). If the motion for new trial and supporting documents fail to set forth sufficient facts, the court may, on its own motion, dismiss the motion without a hearing. § 29-2102(2).

Honken's allegations included: "[t]he new[ly] discovered police reports that was [sic] just released to defendant on June 7, 2019 that reveals the inconsistent statements made by several informants and the used [sic] of non-testifying informant's out-of-court statements that the trial Judge knew was false but continued to use them to convict Robert Honken"; several named witnesses were "just revealed on June 7, 2019," and "had information to clear defendant, but never called, a denial of his constitutional rights to confrontation clause and compulsory process"; and "[n]ewly discovered evidence, via informant's statements of the creation and mamipulation [sic] of the stories" of named individuals. Honken also alleged, "It is known now that [Honken's trial counsel], [and] the prosecutor with held [sic] exculpatory evidence so substantial that the sentences

- 7 -

and conviction cannot stand due to the miscarriage of justice that occurred in the case," and he "was not able to obtain or discover any of the . . . evidence until after actually getting his records from *his attorneys*, and obtaining affidavits that should have been introduced during trial." (Emphasis supplied.) Honken stated he received records from his trial counsel on June 7, 2019, after a complaint was filed with the counsel for discipline. Honken's allegations of "newly discovered" evidence that would "clear" him and "newly discovered" evidence "via informant's statements of the creation and mamipulation [sic] of the stories" of named individuals were not supported by affidavits, depositions, or oral testimony.

The district court found that any allegations of newly discovered evidence came from Honken's review of his own file, and "[in] fact, [Honken] acknowledges that he received the information directly from his trial counsel." Accordingly, the district court found that Honken failed to allege facts which show the information alleged was "newly discovered" and could not have been discovered and produced at trial. We agree.

Initially we note that to justify a new trial, newly discovered evidence must involve something other than the credibility of the witness who testified at trial. *State v. Oliveira-Coutinho*, 291 Neb. 294, 865 N.W.2d 740 (2015). And two of Honken's allegations refer to exculpatory evidence that revealed "inconsistent" statements or "creation and mamipulation [sic] of the stories" of named individuals." His remaining allegation refers to several named witnesses who "had information to clear" Honken. This is a curious allegation given that Honken admitted to law enforcement that he had hired two individuals, including an undercover investigator to kill his wife. See *State v. Honken*, 25 Neb. App. 352, 905 N.W.2d 689 (2017). Regardless, in his motion for new trial, Honken alleged that his trial counsel and the prosecutor withheld the exculpatory information. Therefore, Honken's own allegation establishes that his trial counsel was aware of the information. This is further evidenced by Honken's allegation that he was not able to discover the information until getting the records from *his* attorneys. Based on Honken's own allegations, the alleged exculpatory information was found in his own case file. Trial counsel, being aware of any exculpatory evidence, could have produced it at trial. And if trial counsel failed to produce any exculpatory evidence at trial, such could have been raised as an ineffective assistance of counsel claim on appeal. However, ineffective assistance of counsel is not a ground upon which a defendant may move for new trial under § 29-2101. *State v. Pieper*, 274 Neb. 768, 743 N.W.2d 360 (2008). Moreover, as previously noted, Honken's allegations of "newly discovered" evidence that would "clear" him and "newly discovered" evidence "via informant's statements of the creation and mamipulation [sic] of the stories" of named individuals were not supported by affidavits, depositions, or oral testimony as required. See § 29-2102(2). Accordingly, upon our de novo review, we find no error by the district court when it denied Honken's motion for new trial without an evidentiary hearing.

## CONCLUSION

For the reasons stated above, we affirm the decision of the district court to deny Honken's requested relief without an evidentiary hearing.

AFFIRMED.