IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HUNT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

THOMAS R. HUNT, APPELLANT.

Filed December 8, 2020.    No. A-20-241.

Appeal from the District Court for Lincoln County: MICHAEL E. PICCOLO, Judge. Affirmed.

Jeffrey A. Wagner and Kyle J. Flentje, of Wagner, Meehan & Watson, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

MOORE, Judge.

INTRODUCTION

Thomas R. Hunt appeals from an order of the District Court for Lincoln County, Nebraska, denying his motion for postconviction relief and petition for writ of error coram nobis. For the reasons set forth below, we affirm.

BACKGROUND

On November 23, 2009, the State filed an information charging Hunt with first degree sexual assault of a child pursuant to Neb. Rev. Stat. § 28-319.01 (Cum. Supp. 2012), a Class IB felony. Trial was initially scheduled for February 23, 2010, but through a series of motions to continue filed by Hunt, trial was rescheduled numerous times. On December 14, Hunt pled no contest to an amended information charging him with first degree sexual assault of a child pursuant to Neb. Rev. Stat. § 28-319(1)(c) (Reissue 2016), a Class II felony. The trial court accepted Hunt's

- 1 -

plea and found him guilty. The trial court subsequently sentenced Hunt to 25 to 50 years in prison, which sentence was memorialized in an order entered on February 9, 2011. No direct appeal was filed.

On July 15, 2019, Hunt filed a combined verified motion for postconviction relief and petition for writ of error coram nobis. Hunt's motion first claimed his conviction was obtained as a result of prosecutorial misconduct in violation of Hunt's due process right to a speedy trial. Second, Hunt's motion claimed that he received ineffective assistance of trial counsel because trial counsel (1) made representations to others that he would take Hunt's money but not defend him, (2) failed to file a direct appeal when instructed to do so, (3) failed to disclose a conflict of interest when counsel allegedly represented the father of the victim in an unrelated matter, and (4) failed to conduct any formal discovery. Hunt also alleged that after sentencing, he retained another attorney to pursue postconviction relief, but that attorney failed to file a postconviction motion. The petition for writ of error coram nobis incorporated the allegations of the postconviction motion and asked that the petition be granted. The motion and petition did not allege that Hunt was unable to discover any of the alleged deficiencies through the exercise of due diligence.

The district court entered an order denying Hunt's request for postconviction relief and a writ of error coram nobis without further hearing. The court found that Hunt's motion for postconviction relief was time barred and that his claims were not appropriate for coram nobis relief.

Hunt now appeals.

ASSIGNMENTS OF ERROR

Hunt assigns that the district court erred in finding that his motion for post-conviction relief was time barred pursuant to Neb. Rev. Stat. § 29-3001(4) (Reissue 2016), and in failing to grant an evidentiary hearing on his motion for postconviction relief and his petition for writ of error coram nobis.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *Id*.

If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law. *State v. Koch*, 304 Neb. 133, 933 N.W.2d 585 (2019). When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion. *Id*.

The findings of the district court in connection with its ruling on a motion for a writ of error coram nobis will not be disturbed unless they are clearly erroneous. *State v. Harrison*, 293 Neb. 1000, 881 N.W.2d 860 (2016).

ANALYSIS

*Timeliness of Hunt's Motion for Postconviction Relief.*

Hunt first assigns that the district court erred when it found that Hunt's claims in his motion for postconviction relief were time barred pursuant to § 29-3001(4), which states:

A one-year period of limitation shall apply to the filing of a verified motion for post-conviction relief. The one-year limitation period shall run from the later of:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or

(e) August 27, 2011.

Hunt's conviction became final on March 11, 2011, and unless any of the triggering events extended the time, his deadline to file a postconviction action would have been March 11, 2012; a year after the date his conviction became final by the expiration of the time for filing a direct appeal. Hunt did not file his motion for postconviction relief until July 15, 2019. Hunt argues in his brief on appeal that the triggering event in § 29-3001(4)(b) applies, claiming that "after his guilty plea," he learned that his attorney was representing the father of the alleged victim in another matter, a fact that could not have been discovered by due diligence at the time of trial. He also asserts that trial counsel's representations to others that he would he would take Hunt's money but not defend him triggered the exception under § 29-3001(4)(b), but that the district court failed to address this allegation. However, Hunt did not specifically allege in his motion when he learned of these alleged facts, or show that he filed his motion within one year of the discovery of these facts.

Under § 29-3001(4)(b), Hunt had 1 year from the date on which the factual predicate of his claim of ineffective assistance of counsel could have been discovered through the exercise of due diligence to file his postconviction action. Newly discovered evidence must actually be newly discovered, and it may not be evidence which could have been discovered and produced at trial with reasonable diligence. *State v. Lester,* 295 Neb. 878, 898 N.W.2d 299 (2017). The discovery through due diligence of the factual predicate for a claim concerns whether the important objective facts could reasonably have been discovered, not when the claimant should have discovered the legal significance of those facts. *State v. Mamer*, 289 Neb. 92, 853 N.W.2d 517 (2014). Stated another way, the limitations period "begins when the facts underlying the claim could reasonably be discovered" which is "distinct from discovering that those facts are actionable." *Id*. at 99, 853 N.W.2d at 524.

Here, Hunt not only failed to allege when he learned of the purported conflict of interest and counsel's alleged representation to others regarding not defending Hunt, he also failed to allege that these facts could not have been discovered with due diligence at the time of the plea hearing, or prior to the filing of his motion for postconviction relief. Without any allegation as to why Hunt was unable to discover these facts prior to the filing of his postconviction motion, we cannot say the district court erred in finding the claim time barred without an exception under § 29-3001(4)(b).

Hunt also claims that his trial attorney failed to conduct formal discovery, and failed to file a direct appeal. He also claims his constitutional right to a speedy trial was violated by prosecutorial misconduct. These claims would have been known by Hunt at the time of his plea hearing or within 30 days of the imposition of the sentence, and do not fall under § 29-3001(4)(b). Therefore, these claims are also time barred. We find that the district court did not err in finding that his motion for postconviction relief was time barred without exception pursuant to § 29-3001(4).

*Evidentiary Hearing for Motion for Postconviction Relief.*

Hunt assigns that the district court erred by failing to grant an evidentiary hearing for his claims within his motion for postconviction relief. A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019). If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*.

Hunt argues that he is entitled to an evidentiary hearing because there is nothing in the record in regards to when the discovery of the conflict of interest and trial counsel's alleged representations to others occurred. However, Hunt would have known when such information was discovered yet he failed to allege when the discovery occurred or that it could not have been discovered earlier through the exercise of due diligence. The district court was not required to grant an evidentiary hearing to flesh out details which could have been pled. A defendant is required to make specific allegations instead of mere conclusions of fact or law in order to receive an evidentiary hearing for postconviction relief. *State v. Boppre*, 280 Neb. 774, 790 N.W.2d 417 (2010). And, as noted above, the remaining claims that trial counsel was ineffective for failing to conduct discovery and file a direct appeal, and of prosecutorial misconduct, would have been known to Hunt either at the time of his plea hearing or at the time a direct appeal was required to be filed. Because those claims are time barred, Hunt is entitled to no relief on the claims and the district court was not required to grant an evidentiary hearing on these claims.

The district court did not err in denying Hunt's motion for postconviction relief without an evidentiary hearing.

Hunt also alleges that another attorney failed to file a postconviction motion after sentencing. However, we have consistently held there is no constitutional right to effective assistance of counsel in a postconviction proceeding. *State v. Amaya*, 298 Neb. 70, 902 N.W.2d

675 (2017). Therefore, the district court did not err in failing to grant an evidentiary hearing regarding this claim.

*Evidentiary Hearing for Petition for Writ of Error Coram Nobis.*

The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. *State v. Harrison*, 293 Neb. 1000, 881 N.W.2d 860 (2016). The writ reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment. *Id*. The writ is not available to correct errors of law. *Id.* Claims of error or misconduct at trial and ineffective assistance of counsel claims are inappropriate for coram nobis relief. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016).

Hunt assigns error to the trial court's refusal to grant an evidentiary hearing on his petition for writ of error coram nobis. Hunt argues that had the trial court been apprised of the facts regarding trial counsel's alleged ineffective assistance, it would not have accepted his plea. The burden of proof in a proceeding to obtain a writ of error coram nobis is upon the applicant claiming error, and the alleged error of fact must be such as would have prevented a conviction; it is not enough to show that it might have caused a different result. *State v. Hessler, supra*. Hunt failed to allege that trial counsel's ineffectiveness would have prevented a conviction; he only argues that the trial court would not have accepted his plea. This may have caused a different result; i.e., new counsel may have been appointed or retained, the case could have proceeded to trial, or the parties may have entered into another plea agreement. A different result short of preventing a conviction does not provide a basis for coram nobis relief. We find no clear error in the district court's determination that Hunt failed to establish a claim for coram nobis relief. The district court did not err in refusing to grant a further hearing on the petition.

## CONCLUSION

For the reasons set forth above, we affirm the decision of the trial court denying Hunt's motion for postconviction relief and refusing to grant evidentiary hearings on his motion for postconviction relief and petition for writ of error coram nobis.

AFFIRMED.