Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/10/2017 09:08 AM CST

STATE OF NEBRASKA, APPELLEE, V.
MICHAEL T. JACKSON, APPELLANT.
___ N.W.2d ___

Filed March 10, 2017.    No. S-16-643.

1.  **Postconviction: Appeal and Error.** Whether a claim raised in a post-conviction proceeding is procedurally barred is a question of law.
2.  **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion.
3.  **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.
4.  **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, even where no party has raised the issue.
5.  **Postconviction: Appeal and Error.** A defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time the first motion was filed.
6.  ____: ____. There are two circumstances which provide a new ground for relief constituting an exception to the procedural bar to a successive postconviction proceeding: (1) where the defendant brings a motion for postconviction relief based on ineffective assistance of trial or direct appeal counsel which could not have been raised earlier and (2) where the defendant brings a successive motion for postconviction relief based on newly discovered evidence that was not available at the time the prior motion was filed.
7.  **Postconviction.** The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.

8. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.**
   When a district court denies postconviction relief without conducting
   an evidentiary hearing, an appellate court must determine whether
   the petitioner has alleged facts that would support the claim and, if
   so, whether the files and records affirmatively show that he or she is
   entitled to no relief.

Appeal from the District Court for Douglas County: J. Michael Coffey, Judge. Affirmed.

Jerry M. Hug and Alan G. Stoler, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, Erin E. Tangeman, and, on brief, Stacy M. Foust for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Cassel, J.

## I. INTRODUCTION

Michael T. Jackson appeals from an order denying his second motion for postconviction relief. Jackson was procedurally barred in asserting all but one of his claims, and he failed to allege sufficient facts to support his remaining claim. We affirm.

## II. BACKGROUND

Jackson was convicted of first degree murder, attempted first degree murder, and two counts of use of a deadly weapon to commit a felony. He was sentenced to life imprisonment on the murder conviction and various terms of imprisonment on the other convictions. In our opinion on direct appeal, we recounted the underlying facts and circumstances and affirmed his convictions and sentences.[1]

After his direct appeal concluded, Jackson filed his first motion for postconviction relief and alleged several claims of ineffective assistance of trial counsel, ineffective assistance of

---

[1] *State v. Jackson*, 255 Neb. 68, 582 N.W.2d 317 (1998).

appellate counsel, and prosecutorial misconduct. The district court granted an evidentiary hearing, but after the hearing, it overruled Jackson's motion. On appeal, we affirmed the denial of postconviction relief.[2]

Jackson was represented by one attorney at trial, a second attorney on direct appeal, a third attorney for the first postconviction motion, and a fourth attorney on the appeal from the denial of the first postconviction motion.

Represented by a fifth attorney, Jackson filed a second motion for postconviction relief. He alleged numerous claims in his motion, which we summarize as follows: (1) The trial court committed reversible plain error in instructing the jury on seven separate jury instructions, (2) he received ineffective assistance of both trial counsel and appellate counsel, (3) there was prosecutorial misconduct, (4) his appellate counsel had a conflict of interest, (5) there was a denial of due process through the negligence of postconviction counsel and appellate postconviction counsel, and (6) there was a denial of due process and right to a fair trial through the misconduct of David Kofoed, the former supervisor of the Crime Scene Investigation Division for the Douglas County sheriff's office.

In support of Jackson's claim concerning Kofoed's misconduct allegedly occurring in the division's crime laboratory, Jackson argued that of the two investigating officers who conducted a search of the vehicle he was known to be driving, only one noticed "'red stains'" on some of the clothing found in the trunk of the vehicle. He specifically alleged Kofoed's history of tampering with evidence and falsifying reports and argued that it was only after Kofoed and the other initial investigating officer inventoried the items found in the trunk that the officer noted apparent bloodstains. He also argued that the "Crime Lab, and as a result, Kofoed," had vials of the murder victim's blood for months before the clothing was tested and revealed the presence of the victim's blood.

---

[2] *State v. Jackson*, 275 Neb. 434, 747 N.W.2d 418 (2008).

Therefore, Jackson suggested that Kofoed, or another officer, planted the victim's blood on Jackson's clothing that was found in the vehicle.

In the same motion, Jackson petitioned in the alternative for relief under the common-law writ of error coram nobis. He alleged that the above claims all presented matters of fact that were "effectively unavailable to him at the time of trial" and that would have prevented the judgment had they been known at the time.

The district court denied Jackson's motion. The court found that Jackson's claims concerning jury instructions, ineffective assistance of counsel, prosecutorial misconduct, and appellate counsel's conflict of interest were procedurally barred. The court also found that Jackson was not entitled to relief on his claims concerning postconviction counsel. It noted that Jackson argued the claims as a denial of due process but that he provided no supporting authority for this argument. Therefore, the court concluded that his claims were grounded in ineffective assistance of postconviction counsel. And there is no relief for ineffective assistance of postconviction counsel.[3] Finally, the court denied Jackson's claim concerning the involvement of Kofoed in the crime laboratory investigation. The court found that Jackson merely alleged Kofoed's involvement and history of fabricating evidence and that this was insufficient to support a claim. Furthermore, the court noted that no evidentiary hearing was warranted, especially since "the original investigating officer noticed 'red stain type discolorations' on the clothing before Kofoed was involved."

Jackson now appeals to this court.

### III. ASSIGNMENTS OF ERROR

Jackson assigns, restated, that the district court erred in determining that (1) he was procedurally barred in his claims that certain jury instructions given at trial were reversible

---

[3] See *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014).

error, (2) he was procedurally barred in his claim that appellate counsel had a conflict of interest, and (3) he was not entitled to an evidentiary hearing on his claim of evidence tampering and outrageous governmental conduct.

Jackson did not assign error to the district court's denial of his request for a writ of error coram nobis. Thus, we do not address the denial of this alternative motion.

## IV. STANDARD OF REVIEW

[1,2] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.[4] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion.[5]

[3] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[6]

## V. ANALYSIS

### 1. Jurisdiction

[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, even where no party has raised the issue.[7] Relying on the procedure in *State v. Smith*[8] and based solely on official negligence, the district court effectively extended the time for appeal. Such orders must be supported by evidence.[9] Although we have no bill of exceptions,

---

[4] *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017).

[5] *Id.*

[6] *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

[7] *In re Interest of Luz P. et al.*, 295 Neb. 814, ___ N.W.2d ___ (2017).

[8] *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005).

[9] See *In re Interest of Luz P. et al., supra* note 7.

the order persuades us that it had the necessary support. We have jurisdiction of Jackson's appeal.

## 2. Denial of Postconviction Relief

[5,6] A defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time the first motion was filed.[10] We have recognized two circumstances which provide a new ground for relief constituting an exception to this procedural bar: (1) where the defendant brings a motion for postconviction relief based on ineffective assistance of trial or direct appeal counsel which could not have been raised earlier and (2) where the defendant brings a successive motion for postconviction relief based on newly discovered evidence that was not available at the time the prior motion was filed.[11]

### (a) Procedurally Barred Claims

Jackson apparently concedes that his claims concerning jury instructions are procedurally barred because postconviction counsel "fail[ed] to properly present these specific issues to the courts on his first Motion for Postconviction relief."[12] To avoid the procedural bar, he asks this court to reconsider our decision in *State v. Hessler*.[13] In *Hessler*, we reaffirmed our determination that postconviction relief cannot be obtained on the basis of ineffective assistance of postconviction counsel. However, Jackson offers no persuasive authority and we see no reason to reconsider our holding in *Hessler*. We will continue to enforce our well-established procedural rules.

[7] The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.[14]

---

[10] See *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017).

[11] See *State v. Hessler, supra* note 3.

[12] Brief for appellant at 10.

[13] *State v. Hessler, supra* note 3.

[14] *State v. Ely, supra* note 4.

Jackson's claims concerning jury instructions and his claim of appellate counsel conflict of interest could have been raised earlier. Therefore, Jackson was procedurally barred from raising these claims in his second motion for postconviction relief. Jackson's first two assignments of error are without merit.

### (b) Claim of Crime Laboratory Misconduct

[8] When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support the claim and, if so, whether the files and records affirmatively show that he or she is entitled to no relief.[15]

Jackson claims that he was entitled to an evidentiary hearing to establish that evidence used against him was planted or fabricated by Kofoed or another crime laboratory official. In his motion, Jackson alleged that there were inconsistent statements about blood on clothing that was found in the trunk of the vehicle Jackson had been driving. He further alleged that Kofoed was involved in discovering and matching the blood to that of the homicide victim and that Kofoed had access to samples of the victim's blood before the clothing was tested. In light of these circumstances, Jackson argued that there were enough similarities to Kofoed's pattern of fabricating evidence in other cases to doubt the reliability of the blood evidence.

In *State v. Cook*,[16] another case involving an allegation that Kofoed tampered with evidence, we found that "[s]imply alleging Kofoed's involvement in the investigation and his history of fabricating evidence is not sufficient on its own to support a claim for postconviction relief." In reaching this conclusion, we reviewed our decision in *State v. Edwards*,[17]

---

[15] *Id.*

[16] *State v. Cook*, 290 Neb. 381, 390, 860 N.W.2d 408, 414 (2015).

[17] *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

where we granted an evidentiary hearing on a defendant's claim that Kofoed tampered with evidence, and noted that we did so "when the allegations made by the defendant were similar to Kofoed's unlawful conduct in two prior investigations."[18]

Like the situation in *Cook*, the facts and allegations in this case do not suggest unlawful conduct similar to Kofoed's two prior investigations. Here, "'red stain type discolorations'" were found on the clothing before Kofoed was ever involved. And, when Kofoed was called to document the evidence, he worked alongside the officers already on the scene. The reporting officer, not Kofoed, characterized the red stains as blood and noted in his report that the blood found on the clothing was along the rear pocket and seam of a pair of jeans and along the right rear hip area of a shirt and coat. This report was created the day after the homicide, several hours before the victim's blood samples were retrieved and placed into evidence at the crime laboratory. And, Kofoed was not the one to send the clothing and blood samples into evidence.

These facts distinguish the instant case from the situation in *Edwards*. Jackson's allegations do not resemble Kofoed's pattern of "finding" blood in obscure places, keeping evidence for days before another investigator could test it, and allegedly submitting swabs of evidence instead of the evidence itself.[19] Thus, the evidence does not support Jackson's theory that the blood was planted by Kofoed in the time before the clothing was tested and after he had access to the victim's blood samples.

Jackson also offered the depositions of two witnesses who claimed to see him within an hour of the homicide and who stated that they did not see blood on the clothing he was wearing. But that does not mean that it was not there. As the State correctly argues, the report identified blood on the rear

---

[18] *State v. Cook, supra* note 16, 290 Neb. at 389, 860 N.W.2d at 414.

[19] See, e.g., *id*.; *State v. Edwards, supra* note 17.

pocket of the jeans and the rear hip area of the shirt and coat. Given this location, the witnesses could have failed to notice it or to recognize that it was blood. Without more factual allegations, this leaves only Jackson's allegation of Kofoed's history and involvement in the investigation of his case. On its own, this fails to support a claim for postconviction relief.

We agree with the district court's conclusion that no evidentiary hearing was required. Jackson's last assignment of error lacks merit.

## VI. CONCLUSION

Jackson's claims concerning jury instructions and appellate counsel conflict of interest were known and could have been raised in prior proceedings. As such, they are procedurally barred. Jackson also failed to allege sufficient facts to support his claim of Kofoed's crime laboratory misconduct. For these reasons, we affirm the denial of Jackson's second motion for postconviction relief.

Affirmed.