Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/26/2020 09:09 AM CDT

State of Nebraska, appellee, v.
Jeffrey Hessler, appellant.
___ N.W.2d ___

Filed April 3, 2020.    No. S-19-652.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals
   from postconviction proceedings, an appellate court reviews de novo a
   determination that the defendant failed to allege sufficient facts to dem-
   onstrate a violation of his or her constitutional rights or that the record
   and files affirmatively show that the defendant is entitled to no relief.
2. **Postconviction: Judgments: Appeal and Error.** Whether a claim raised
   in a postconviction proceeding is procedurally barred is a question of
   law which is reviewed independently of the lower court's ruling.

Appeal from the District Court for Scotts Bluff County:
Andrea D. Miller, Judge. Affirmed.

Jerry M. Hug for appellant.

Douglas J. Peterson, Attorney General, and James D. Smith,
Solicitor General, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
and Papik, JJ.

Stacy, J.
In October 2016, Jeffrey Hessler filed this motion for post-
conviction relief. The motion relies on the U.S. Supreme
Court's decision in *Hurst v. Florida*[1] and alleges Hessler's
death sentence is invalid because Nebraska's capital sentenc-
ing statutes violate Hessler's rights under the 6th, 8th, and

---

[1] *Hurst v. Florida*, ___ U.S. ___, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016).

14th Amendments to the U.S. Constitution. We addressed an identical argument in *State v. Lotter*[2] and held *Hurst* was not a proper triggering event for the 1-year limitations period of the Nebraska Postconviction Act.[3] Citing *Lotter*, the district court found Hessler's motion was time barred and denied it without conducting an evidentiary hearing. Hessler appeals, and we affirm.

## FACTS

In 2004, Hessler was convicted by a jury of first degree murder, kidnapping, first degree sexual assault, and use of a firearm to commit a felony. He was sentenced to death on the murder conviction. He unsuccessfully challenged his convictions and sentences on direct appeal[4] and in two prior postconviction proceedings.[5]

On January 12, 2016, the U.S. Supreme Court decided *Hurst*.[6] *Hurst* found that Florida's capital sentencing scheme was unconstitutional, because it required the trial court alone to find both that sufficient aggravating circumstances existed to justify imposition of the death penalty and that there were insufficient mitigating circumstances to outweigh the aggravating circumstances. Roughly 10 months after *Hurst* was decided, Hessler filed this successive motion for postconviction relief. The motion asserts:

> Jurisdiction is proper in this Court as the decision in *Hurst v. Florida* . . . was issued by the United States Supreme Court on January 12, 2016 and . . . Hessler is asserting that *Hurst* is applicable in his case and therefore has one year from the date of that decision to file this motion pursuant to . . . § 29-3001 . . . .

---

[2] *State v. Lotter*, 301 Neb. 125, 917 N.W.2d 850 (2018).

[3] Neb. Rev. Stat. § 29-3001(4) (Reissue 2016).

[4] *State v. Hessler*, 274 Neb. 478, 741 N.W.2d 406 (2007).

[5] *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011); *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014).

[6] *Hurst, supra* note 1.

Hessler's motion relies on *Hurst* and alleges that Nebraska's capital sentencing statutes[7] violate the 6th, 8th, and 14th Amendments. It specifically alleges the Sixth amendment is violated because the Nebraska statutes allow a panel of judges, and not a jury, to "make factual findings in imposing a death sentence." The motion further alleges "to the extent that Nebraska's death-penalty statutes do not require a unanimous recommendation from a jury regarding whether a sentence of death should be imposed, [the statutes] violate[] the 8th and 14th Amendments."

Identical 6th, 8th, and 14th Amendment claims based on *Hurst* were raised in a successive motion for postconviction relief in *Lotter*,[8] and we rejected them in an opinion released September 28, 2018. We reasoned that the Nebraska Postconviction Act contains a 1-year limitations period for filing a verified motion for postconviction relief, which runs from one of four triggering events or from August 27, 2011, whichever is later.[9] The triggering events under § 29-3001(4) are:

(a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;

(b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;

(c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;

(d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the

---

[7] See Neb. Rev. Stat. §§ 29-2521 to 29-2522 (Cum. Supp. 2018).

[8] *Lotter, supra* note 2.

[9] § 29-3001(4).

> newly recognized right has been made applicable retroactively to cases on postconviction collateral review[.]

Like Hessler's postconviction claims, the claims alleged in *Lotter* regarding the 6th, 8th, and 14th Amendments were all based on *Hurst*, and the defendant in *Lotter* relied on the triggering event in § 29-3001(4)(d) to contend the claims were timely. We rejected this contention.

We held in *Lotter* that *Hurst* could not trigger the 1-year statute of limitations under § 29-3001(4)(d), because *Hurst* did not announce a new rule of law and merely applied the constitutional rule from the 2002 case of *Ring v. Arizona.*[10] *Lotter* also held that the "plain language of *Hurst* reveals no holding that a jury must find beyond a reasonable doubt that the aggravating factors outweigh the mitigating circumstances."[11] Finally, *Lotter* reasoned that even if *Hurst* announced a new rule of law, it would not apply retroactively to cases on collateral review, because it was based on *Ring* and the U.S. Supreme Court has held that *Ring* announced a procedural rule that does not apply retroactively.[12] Having concluded in *Lotter* that *Hurst* did not announce a new rule of law, we rejected the defendant's contention that *Hurst* could trigger the 1-year statute of limitations under § 29-3001(4)(d), and we found the defendant's postconviction claims were time barred.[13] The defendant's petition for a writ of certiorari was denied by the U.S. Supreme Court on June 17, 2019.[14]

Citing to our analysis and holding in *Lotter*, the district court here found that Hessler's motion was time barred, and it dismissed the motion without an evidentiary hearing. Hessler timely appealed.

---

[10] *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002).

[11] *Lotter, supra* note 2, 301 Neb. at 144, 917 N.W.2d at 864.

[12] *Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004).

[13] Accord *State v. Mata*, 304 Neb. 326, 934 N.W.2d 475 (2019).

[14] *Lotter v. Nebraska*, ___ U.S. ___, 139 S. Ct. 2716, 204 L. Ed. 2d 1114 (2019).

## ASSIGNMENT OF ERROR

Hessler assigns, restated, that the district court erred in denying his postconviction motion without an evidentiary hearing, because Nebraska's capital sentencing scheme violates *Hurst* and the 6th, 8th, and 14th Amendments to the U.S. Constitution.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[15]

[2] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling.[16]

## ANALYSIS

At oral argument before this court, Hessler conceded the claims made in his successive motion for postconviction relief are identical to those raised and rejected by this court in *Lotter*. Hessler further conceded there was no factual distinction between his postconviction claims and those asserted in *Lotter*, and he pointed to no change in the relevant law since our decision in *Lotter*.

Our decision in *Lotter* is dispositive of the issues presented in this appeal, and Hessler does not contend otherwise. *Hurst* did not announce a new rule of law, and thus it cannot trigger the 1-year statute of limitations under § 29-3001(4)(d). Because this is the only triggering event relied upon by Hessler in contending that his postconviction claims are timely, we agree with the district court that Hessler's postconviction claims are time barred.

For the sake of completeness, we note that even if Hessler's claims were not time barred, they would not entitle him to

---

[15] *Mata, supra* note 13.

[16] *Id.*

postconviction relief. After oral arguments in this case, the U.S. Supreme Court decided *McKinney v. Arizona*.[17] *McKinney* explained:

> Under *Ring* and *Hurst*, a jury must find the aggravating circumstance that makes the defendant death eligible. But importantly, in a capital sentencing proceeding just as in an ordinary sentencing proceeding, a jury (as opposed to a judge) is not constitutionally required to weigh the aggravating and mitigating circumstances or to make the ultimate sentencing decision within the relevant sentencing range.[18]

As such, *McKinney* makes clear there is no merit to the underlying premise of Hessler's postconviction claims.

We thus affirm the district court's order denying postconviction relief without an evidentiary hearing.

Affirmed.

Freudenberg, J., not participating.

---

[17] *McKinney v. Arizona*, ___ U.S. ___, 140 S. Ct. 702, ___ L. Ed. 2d ___ (2020).

[18] *Id.*, 140 S. Ct. at 707.