IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CARMENATES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOEL J. CARMENATES, APPELLANT.

Filed December 22, 2020.    No. A-20-124.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Joel J. Carmenates, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

BISHOP, Judge.

## INTRODUCTION

Joel J. Carmenates appeals from the order of the Lancaster County District Court denying his motion for postconviction relief without an evidentiary hearing and denying his motion for the appointment of counsel. We affirm.

## BACKGROUND

### TRIAL AND DIRECT APPEAL

In 2017, following a jury trial, Carmenates was convicted of theft by deception and criminal possession of four or more financial transaction devices, and he was sentenced to a total of 6 to 10 years' imprisonment. On direct appeal, Carmenates claimed the evidence was insufficient to support his convictions, the sentences imposed were excessive, and that he received ineffective assistance of trial counsel in numerous respects. This court affirmed his convictions and sentences on direct appeal in *State v. Carmenates*, No. A-18-350, 2019 WL 1130376 (Neb.

- 1 -

App. March 12, 2019) (selected for posting to court website). At the time of his direct appeal, Carmenates was represented by different counsel than at the time of trial.

POSTCONVICTION

In July 2019, Carmenates, pro se, filed a verified motion for postconviction relief asserting two grounds for relief. In his first ground for relief, related to his "defense counsel," Carmenates alleged numerous claims of ineffective assistance of his trial counsel. His claims included trial counsel's failure to: file a motion to quash, a plea-in-abatement, or a motion to strike the information prior to trial; file a motion in limine in an effort to challenge and contest the State's submission of "exhibited evidence"; investigate and prepare for trial in that counsel did not attempt to interview any viable or potential witnesses; prepare him for the legal process; discuss or explain an alibi defense and how his testimony could have advanced such an option; give proper advice about whether he should testify and instead coerced and manipulated him into not testifying; and meet with him prior to sentencing, explain the significance of the sentencing hearing, or discuss the contents of the presentence investigation report to confirm whether the information contained therein was accurate or complete.

In his second ground for relief, Carmenates alleged in full:

APPELLATE COUNSEL DURING DIRECT APPEAL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF DEFENDANT'S 6TH AND 14TH AMENDMENT RIGHTS OF THE UNITED STATES COMNSTITUTION [sic].

53. Defendant hereby incorporates ¶¶ 1 through 52 above by reference, as if fully set forth herein.

54. Defendant hereby reserve [sic] and preserve [sic] all claims related to ineffective assistance by appellate counsel, upon amending in this instant action.

Carmenates requested that the district court grant an evidentiary hearing, "and thereafter, an Order setting aside and vacating [his] convictions and sentences."

In its responsive pleading, the State motioned the district court to deny Carmenates' motion for postconviction relief without an evidentiary hearing because Carmenates' alleged claims were either procedurally barred and/or failed to allege facts which would show that he was entitled to relief. The State noted that on direct appeal, Carmenates raised numerous claims of ineffective assistance of trial counsel, and that the appellate court found that all but three of those claims failed. The appellate court found that the record was insufficient to address arguments related to trial counsel's failure to investigate and prepare for trial, counsel's advice to Carmenates not to take the stand, and counsel's failure to prepare Carmenates for sentencing. The State alleged that Carmenates' postconviction claims regarding trial counsel, other than the three claims the appellate court did not address due to an insufficient record, were procedurally barred because they were either raised or could have been raised on direct appeal. As for the three claims not previously addressed by the appellate court, the State alleged that such claims fail because (1) although Carmenates suggested several witnesses his trial counsel should have interviewed, he did not specifically name all witnesses and/or indicate what information those witnesses possessed; (2) Carmenates' allegation that his trial counsel coerced and manipulated him into not testifying was refuted by the record via the questioning by the district court at trial, and Carmenates did not show

- 2 -

that counsel's advice was unreasonable; and (3) Carmenates' claim that trial counsel failed to prepare him for sentencing was refuted by the record from the sentencing hearing. The State also noted that Carmenates' motion for postconviction relief failed to allege any specific failures of appellate counsel.

In its order entered on January 24, 2020, the district court denied Carmenates' motion for postconviction relief without an evidentiary hearing. The district court found that all but three of Carmenates' claims of ineffective assistance of trial counsel were procedurally barred because they were either addressed and rejected on direct appeal or could have been raised on direct appeal. The district court then addressed the three claims raised, but not addressed on direct appeal. As to Carmenates' claim that trial counsel failed to investigate and interview witnesses, the district court found that Carmenates had not alleged what testimony any of the individuals he identified would have provided or what exculpatory evidence would have been discovered, and therefore his allegations were conclusions of fact or law and were insufficient to warrant an evidentiary hearing. As to Carmenates' claim that trial counsel improperly advised him not to testify, the district court found that such claim was refuted by the record and was not otherwise sufficiently detailed to constitute factual allegations which, if proved, constituted infringement of his constitutional rights. And as to Carmenates' claim that trial counsel failed to meet with him and prepare him for sentencing, the district court found that such claims were affirmatively refuted by the record. The district court did not specifically address Carmenates' claim regarding the ineffective assistance of his appellate counsel. The court ultimately denied Carmenates' motion for postconviction relief without an evidentiary hearing. And the court's order also denied Carmenates' "Motion for Appointment of Counsel."

Carmenates appeals.

## ASSIGNMENTS OF ERROR

Carmenates assigns, restated, that the district court erred in (1) denying his motion for postconviction relief without an evidentiary hearing, (2) denying him an opportunity to amend his motion for postconviction relief, and (3) denying his motion for the appointment of counsel.

## STANDARD OF REVIEW

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *State v. Hessler*, 305 Neb. 451, 940 N.W.2d 836 (2020). In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Jackson*, 296 Neb. 31, 892 N.W.2d 67 (2017).

An appellate court reviews the failure of the district court to provide court-appointed counsel in a postconviction proceeding for an abuse of discretion. See *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d 825 (2019).

## ANALYSIS

### DENIAL OF POSTCONVICTION RELIEF
### WITHOUT EVIDENTIARY HEARING

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Newman, supra*.

A trial court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Newman, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in a case affirmatively show the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*. Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

Carmenates argues that the district court erred in denying his motion for postconviction relief without first considering "Ground Two," the ineffective assistance of appellate counsel. Brief for appellant at 16. He states, "Although, it appears that Ground Two's section does not state any facts in support at that particular section, it is by no means that is [sic] without facts in support. That is, the facts . . . intended to be part of Ground Two are all the facts and claims raised and argued in the preceding paragraphs" and incorporated by reference. *Id*. at 18. "The essence of Ground two is connected to the assistance appellate counsel had provided regarding the trial counsel ineffectiveness claims in Ground One." *Id*. at 19.

Carmenates has limited his assignment of error and argument regarding the denial of postconviction relief without an evidentiary hearing to "Ground Two" of his postconviction motion, the ineffective assistance of his appellate counsel. We will therefore limit our analysis accordingly.

As stated previously, Carmenates second ground for relief in his postconviction motion alleged in full:

APPELLATE COUNSEL DURING DIRECT APPEAL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF DEFENDANT'S 6TH AND 14TH AMENDMENT RIGHTS OF THE UNITED STATES COMNSTITUTION [sic].

53. Defendant hereby incorporates ¶¶ 1 through 52 above by reference, as if fully set forth herein.

54. Defendant hereby reserve [sic] and preserve [sic] all claims related to ineffective assistance by appellate counsel, upon amending in this instant action.

Carmenates' allegation regarding the ineffective assistance of his appellate counsel is merely a conclusion of fact or law and did not require an evidentiary hearing. *State v. Newman, supra*. While Carmenates may have intended to allege that his appellate counsel was ineffective for failing to raise or properly argue on direct appeal the ineffective assistance of trial counsel regarding "¶¶ 1 through 52," his actual allegation did not match his intent; his actual allegation was merely conclusory. Although the district court did not specifically mention Carmenates' "Ground Two" regarding the effectiveness of appellate counsel, its ruling was implicit in its ultimate denial of postconviction relief. Because we have found that Carmenates' allegation in "Ground Two" was conclusory, we agree that postconviction relief could be denied without an evidentiary hearing.

### OPPORTUNITY TO AMEND MOTION
### FOR POSTCONVICTION RELIEF

Carmenates argues that the district court erred in denying him postconviction relief without first considering whether he was "entitled to be allowed to amend his motion in regards to Ground Two, ineffective assistance of appellate counsel." Brief for appellant at 16.

Carmenates asserts that paragraph 54 of his postconviction motion served as a motion to amend. Paragraph 54 found in "Ground Two," and set forth above, states, "Defendant hereby reserve [sic] and preserve [sic] all claims related to ineffective assistance by appellate counsel, upon amending in this instant action." Paragraph 54 was not a proper motion to amend, and there is no indication in our record that Carmenates made any other request to the district court to amend his motion for postconviction relief. Carmenates was put on notice of potential deficiencies in his postconviction motion via the State's responsive pleading. However, Carmenates did not thereafter amend, or request to amend, his postconviction motion. Accordingly, this assignment of error fails.

### PLAIN ERROR

Carmenates "urges this court to notice and find plain error in this postconviction appeal." Brief for appellant at 6. Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Torres*, 300 Neb. 694, 915 N.W.2d 596 (2018).

Carmenates makes four claims of plain error with regard to the ineffectiveness of his trial and/or appellate counsel to raise and argue that (1) his sentence was unconstitutional under "L.B. 605"; (2) his right against Double Jeopardy was violated; (3) he was prevented from presenting an alibi defense at trial; and (4) there was insufficient evidence to support one of his convictions. Our review of the record reveals no plain error as alleged by Carmenates. Of particular note, Carmenates' crimes were committed in June 2015, and he was properly charged and sentenced under the version of the statues in effect at the time of his crimes. See *State v. Carrera*, 25 Neb. App. 650, 911 N.W.2d 849 (2018) (2015 Neb. Laws, L.B. 605, which changed the classification of certain crimes and made certain amendments to Nebraska's sentencing laws, became effective on August 30, 2015).

## APPOINTMENT OF COUNSEL

Carmenates argues that the issues raised in his motion for postconviction relief were "justifiable issues" that entitled him to the appointment of counsel. Although no motion for the appointment of counsel appears in our record, the district court's order denied "[Carmenates'] Motion for Appointment of Counsel." Where the alleged errors in the postconviction petition before the district court are either procedurally barred or without merit, thus establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint postconviction counsel for an indigent defendant. *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d 825 (2019). We therefore conclude the district court did not abuse its discretion when it denied Carmenates' motion for appointment of counsel.

## CONCLUSION

For the reasons stated above, we affirm the order of the district court denying Carmenates' motion for postconviction relief without an evidentiary hearing and denying his motion for the appointment of counsel.

AFFIRMED.