IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SMITH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RONNIE S. SMITH, APPELLANT.

Filed April 6, 2021.    No. A-20-534.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Ronnie S. Smith, pro se.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Ronnie S. Smith, pro se, appeals from the order of the Lancaster County District Court denying his motion for postconviction relief without an evidentiary hearing. We affirm.

## II. BACKGROUND

### 1. TRIAL AND DIRECT APPEAL

To provide context for Smith's postconviction claims, we note that Smith's second degree forgery conviction stemmed from checks he wrote on Ed Erdman's (Ed) checking account. Ed had been staying with his son, Lance Erdman (Lance), in Lance's apartment for a couple years. At one point, Ed added Lance as an account holder on a checking account, so there were checks printed that also contained Lance's name. However, Ed subsequently removed Lance as a joint account holder, and Lance was only authorized to write checks after asking Ed first. See *State v. Smith*,

- 1 -

No. A-18-461, 2019 WL 1749206 (Neb. App. Apr. 16, 2019) (selected for posting to court website).

Smith and Lance were neighbors. In October 2016, Smith called 911 for Lance due to an apparent health emergency. Smith told Lance's daughter he had some of Lance's things, such as Lance's computer, apartment and mailbox keys, truck keys, car keys, cell phone, and credit card. In early November, after Lance had died, Smith left Lance's keys and wallet on a table in Lance's apartment after it was requested the items be returned. It was subsequently discovered that checks had been written on Ed's bank account, allegedly signed by Lance, but Lance had been in the hospital on a respirator at the time some checks were dated; some checks were dated after Lance's death. Ed had not authorized these checks. At trial, Smith admitted to writing four checks from Ed's bank account, but he provided various explanations for why he did so. He also claimed that Lance had told him to take Lance's credit card to take care of Ed; however, Smith acknowledged using Lance's credit card for items personal to himself and his children because he claimed that he and his children had been helpful to Ed. Smith stopped using the credit card around the same time he was confronted about Ed's checks. See *State v. Smith, supra*.

In 2018, following a jury trial, Smith was convicted of second degree forgery. After finding Smith to be a habitual criminal, the district court sentenced him to 10 to 15 years' imprisonment. On direct appeal, Smith claimed the district court erred in admitting certain testimony at trial, the evidence was insufficient to support his conviction, and his trial counsel was ineffective. This court affirmed his conviction and sentence in *State v. Smith*, *supra*. At the time of his direct appeal, Smith was represented by different counsel than his trial counsel.

2. POSTCONVICTION

On March 18, 2020, Smith, pro se, filed a verified motion for postconviction relief asserting five grounds for relief. In this motion, Smith alleged (1) his conviction and sentence was "void or voidable" because he "was authorized by one of the individuals named on the check to represent his interest when signing" the check, (2) he was "actually and legally innocent" because he did not sign the checks with Ed's name, (3) he was denied "a meaningful direct appeal" because he was not allowed to raise certain issues on direct appeal, (4) he received ineffective assistance of trial counsel, and (5) he received ineffective assistance of appellate counsel. We will more fully set forth Smith's individual claims in our analysis below.

In its responsive pleading, the State motioned the district court to deny Smith's motion for postconviction relief without an evidentiary hearing. The State asserted that the first, second, third, and fourth grounds for Smith's motion were procedurally barred and further argued that Smith's claim of ineffective assistance of appellate counsel should be denied because Smith did not allege sufficient facts or otherwise prove prejudice or deficient performance.

In its order entered on July 16, 2020, the district court denied Smith's motion for postconviction relief without an evidentiary hearing. The district court found that all claims except for the claim of ineffective assistance of appellate counsel were procedurally barred, as such issues either were or could have been argued on direct appeal. With respect to Smith's claim that his appellate counsel was ineffective, the court determined that Smith's general assertions that his appellate counsel failed "to research, brief, and argue issues appearing on the record" and "to effectively present and argue issues" raised on direct appeal constituted only conclusions of fact

or law without sufficient support. The district court further found that Smith failed to demonstrate he was prejudiced by appellate counsel's performance or that the representation by his counsel was deficient.

Smith now appeals.

## III. ASSIGNMENTS OF ERROR

Smith assigns four errors on appeal. Condensed and reordered, he claims the district court erred in (1) denying his motion for postconviction relief without an evidentiary hearing, (2) not allowing him to respond to the court's order finding certain claims procedurally barred, and (3) failing to appoint postconviction counsel.

## IV. STANDARD OF REVIEW

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *State v. Hessler*, 305 Neb. 451, 940 N.W.2d 836 (2020). In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Jackson*, 296 Neb. 31, 892 N.W.2d 67 (2017).

An appellate court reviews the failure of the district court to provide court-appointed counsel in a postconviction proceeding for an abuse of discretion. See *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d 825 (2019).

## V. ANALYSIS

### 1. DENIAL OF POSTCONVICTION RELIEF WITHOUT EVIDENTIARY HEARING

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *Id*. In the absence of alleged facts that would render the judgment void or voidable, the proper course is to overrule the motion for postconviction relief without an evidentiary hearing. *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018).

A trial court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Newman, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in a case affirmatively show the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.* Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

With those principles in mind, we proceed to address the grounds for postconviction relief alleged by Smith.

(a) Claims Regarding Evidence Sustaining Conviction

Smith claimed two grounds for relief concerning the evidence brought at trial underlying his conviction. His first ground for relief alleged:

DEFENDANT IS CLAIMING THAT HIS CONVICTION AND SENTENCE OF FORGERY IS VOID OR VOIDABLE, AS DEFENDANT WAS AUTHORIZED BY ONE OF THE INDIVIDUALS NAMED ON THE CHECK TO REPRESENT HIS INTEREST WHEN SIGNING THE FINANCIAL INSTRUMENT.

. . . .

DEFENDANT IS CLAIMING THAT HIS RIGHTS UNDER THE NEBRASKA CONSTITUTION ARTICLE I SECTION 3 AND 11 WAS [sic] VIOLATED AND THOSE RIGHTS UNDER THE 6TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION WAS [sic] VIOLATED DURING THE PROSECUTION OF THIS CASE.

Smith's second ground for relief further alleged:

DEFENDANT IS CLAIMING THAT HE IS ACTUALLY AND LEGALLY INNOCENT OF THE FORGERY CHARGE AND HABITUAL CRIMINAL ALLEGATION BEING DEFENDANT DID NOT WRITE, SIGN, USE OR REPRESENT EDWARD ERDMAN [sic] SIGNATURE ON ANY FINANCIAL INSTRUMENT.

. . . .

DEFENDANT IS CLAIMING A VIOLATION OF HIS RIGHTS UNDER ARTICLE I, SECTION 3 AND 11 OF THE NEBRASKA CONSTITUTION AND THE 6TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

With respect to these grounds for relief, Smith asserted in his motion that he "relied on and used the authorization of Lance Erdman with the good faith belief that [Ed] apporved [sic] use of those checks that showed both were holder [sic] of the account." Smith further claimed "the State offered no evidence to show [he] used the name of 'Edward Erdman' for financial gain" and that he "did not write, sign, or represent Edward Erdman." Similarly, in his brief on appeal, Smith argues the State failed to prove he acted without the authorization of a party named on the checks. He also argues he could not have been convicted because he did not sign Ed's name on the checks or otherwise purport to represent Ed.

In his second ground, Smith claimed that he is actually innocent of second degree forgery. The essence of a claim of actual innocence is that the State's continued incarceration of such a petitioner without an opportunity to present newly discovered evidence is a denial of procedural or substantive due process. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). The threshold to entitle a prisoner to an evidentiary hearing on such a postconviction claim is extraordinarily high. *Id.* Such a petitioner must make a strong demonstration of actual innocence because after a fair trial and conviction, the presumption of innocence vanishes. *Id.*

We note that these two grounds for relief refer to evidence found by this court to be sufficient in sustaining Smith's conviction for second degree forgery. See *State v. Smith*, No. A-18-461, 2019 WL 1749206 (Neb. App. Apr. 16, 2019) (selected for posting to court website). Smith provides no new evidence to support his claim for an evidentiary hearing and solely asserts the facts and evidence at issue could not support his conviction. As a result, we find the district court did not err in denying postconviction relief without an evidentiary hearing on these bases. See *State v. Dubray, supra* (claims of insufficiency of evidence that were or could have been raised on direct appeal are procedurally barred from being raised in postconviction action; merely attempting to relitigate issues decided at trial and affirmed on appeal does not make viable actual innocence claim).

(b) Denial of Meaningful Direct Appeal

In his third ground for relief, Smith claimed he was denied a meaningful direct appeal. He specifically alleged:

DEFENDANT IS CLAIMING THAT HE WAS DENIED AND DEPRIVED OF THE RIGHT TO PERFECT A MEANINGFUL DIRECT APPEAL ON ALL ISSUES APPEARING ON THE RECORD, AS DEFENDANT WAS NOT ALLOWED TO RAISE THAT THE AMENDED INFORMATION WAS DEFECTED [sic], NOT ALLOWED TO RAISE THAT HE WAS DENIED DEFENSE WITNESSES, NOT ALLOWED TO RAISE OR SHOW OTHER TRIAL COURT ERRORS THAT PREJURED [sic] THE DEFENSE, NOT ALLOWED TO ARGUE THAT COUNSEL FAILED TO OBJECT, FAILED TO FILE OTHER DEFENSE MOTION, ENTERED INTO A STEPULATION [sic] THAT SHIFTED THE BURDEN OF PROOF, AND FAILING TO INVESTIGATE.

DEFENDANT IS CLAIMING THAT HE WAS DENIED RIGHTS UNDER ARTICLE I SECTION 23 OF THE NEBRASKA CONSTITUTION AND THE DUE PROCESS AND EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT ON DIRECT APPEAL.

As set forth previously, this court affirmed Smith's conviction and sentence on direct appeal and fully addressed the several errors assigned. Both his motion and his brief on appeal assert only the bare allegation that he was prevented from raising particular issues appearing on the record without any explanation as to why he could not have raised these issues on direct appeal or what prevented him from doing so. Based on Smith's claim that these issues appeared on the record, these issues could have been assigned and argued on direct appeal. We therefore conclude the district court did not err in denying postconviction relief without an evidentiary hearing on this basis. See *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678, 2020) (motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal).

(c) Ineffective Assistance of Trial Counsel

In his fourth ground for relief, Smith claimed he received ineffective assistance of trial counsel. He specifically alleged:

DEFENDANT IS CLAIMING A DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, AS TRIAL COUNSEL FAILED TO INVESTIGATE, FAILED TO

CONSULT WITH DEFENDANT PRIOR TO ENTERING INTO A STIPULATION WITH THE PROSECUTION, FAILED TO SUMMON OR DEPOSE DEFENSE WITNESSES, FDAILED [sic] TO OBJECT, FAILED TO TENDER A DEFENSE INSTRUCTION FOR THE JURY. TRIAL COUNSEL FAILED TO PROTECT DEFENDANT'S INTEREST DURING THE PROSECUTION.

DEFENDANT IS CLAIMING A VIOLATION OF HIS RIGHTS UNDER ARTICLE I, SECTION 3 NAD [sic] 11 OF THE NEBRASKA CONSTITUTION, AND THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUION.

In his motion, Smith further claimed trial counsel "failed to communicate, advise, and represent" him at trial and sentencing, "failed to file any pretrial motions to address the Amended Information" or "investigate the factual basis" of that information, "failed to make timely objections and . . . tender a defense Instruction for the jury," "failed to depose and call defense witnesses to testify to [his] character and the relationship [Smith] had with Lance Erdman," "failed to present evidence to show the amount of $5000.00 as charged in the Amended Information was not correct and that the money was in fact used for Lance's interest," "failed to investigate and gather any evidence . . . to show defendant was not guilty of the crime as charge[d] in the Amended Information," and entered "into a stipulation with the State without his knowledge" that "was prejudicial and resulted in evidentiary items" being "submitted to the jury . . . uncontested or refuted."

We note that Smith argued several claims of ineffective assistance of trial counsel on direct appeal to this court. He alleged his trial counsel was ineffective by (1) not moving for dismissal or directed verdict, (2) not arguing or discussing with Smith that the evidence supported a theory of attempted forgery, (3) failing to request a particular jury instruction on second degree forgery, (4) failing to call witnesses Smith wanted to have testify, (5) failing to object to certain credit card transaction evidence, and (6) failing to cross-examine Ed regarding a rent check. See *State v. Smith*, *supra*. This court found that the record was sufficient on direct appeal to determine that Smith's trial counsel was not ineffective on those grounds. See *id.*

While Smith interweaves new grounds for claims of ineffective trial counsel into his motion for postconviction relief, the claims he has brought are procedurally barred. A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). As noted previously, Smith was represented by a different attorney on direct appeal than his trial counsel. Further, these alleged deficiencies in his trial counsel's performance were either known to Smith or apparent from the record. Therefore, the claims of ineffective assistance of trial counsel raised by Smith in his motion either were or could have been brought on direct appeal, and these claims are procedurally barred. See *State v. Parnell, supra*. The district court did not err in denying Smith's motion for postconviction relief without an evidentiary hearing on this basis.

(d) Ineffective Assistance of Appellate Counsel

In his final ground for relief, Smith claimed he received ineffective assistance of appellate counsel. He specifically alleged:

DEFENDANT IS CLAIMING THAT HE WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF APPELLANT [sic] COUNSEL, AS COUNSEL FAILED TO RESEARCH, BRIEF, AND ARGUE ISSUES APPEARING ON THE RECORD. Also, COUNSEL FAILED TO EFFECTIVELY PRESENT AND ARGUE THOSE ISSUES HE ELECTED TO RAISE, RESULTING IN DEFENDANT BEING DENIED A MEANINGFUL DIRECT APPEAL.

As we have previously noted, Smith had different appellate counsel on direct appeal than his trial counsel. A claim of ineffective appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. *State v. Parnell, supra.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Newman, supra.* To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Id.* To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Newman, supra.* A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id.*

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a "layered" claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland v. Washington, supra*, test. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id.*

Smith generally alleges that his appellate counsel's performance was deficient in failing to research, brief, or argue issues on direct appeal and in not effectively presenting and arguing the issues that were raised on direct appeal. As we have noted previously, Smith's appellate counsel assigned and argued several errors on direct appeal that this court addressed in full. See *State v. Smith, supra*. While he alleges several claims appellate counsel did not raise on direct appeal that we have previously set forth in this analysis, Smith does not suggest in either his motion for postconviction relief or his brief on appeal how trial counsel's or appellate counsel's representation did not match an attorney with ordinary training and skill in criminal law or how such deficiencies demonstrate a reasonable probability of an incorrect result that would undermine confidence in the outcome of his trial and direct appeal. To the extent Smith's claims refer to appellate counsel's failure to raise certain issues on direct appeal, these allegations amount to conclusory assertions that trial counsel and appellate counsel were ineffective because they did not undertake particular

actions in the course of his trial and appeal. Smith's allegations that appellate counsel did not effectively present and argue the issues that were raised on direct appeal are likewise conclusory assertions of deficient performance and prejudice.

We therefore find the district court did not err in denying postconviction relief without an evidentiary hearing on this basis. See *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015) (conclusory allegations of ineffective assistance of counsel insufficient to establish prejudice supported denial of postconviction relief without evidentiary hearing).

### 2. PROCEDURAL BARRING OF CERTAIN CLAIMS

Smith claims the district court erred in applying the procedural bar against certain claims because he was not allowed to respond to the court's order or "to offer testimonial evidence." Brief for appellant at 25. As set forth previously, we found Smith's claims regarding evidence underlying his conviction, errors not assigned on direct appeal, and ineffective assistance of trial counsel to be procedurally barred. The district court did not err in finding these claims procedurally barred, and Smith's claim that he could not respond to the court's order or offer testimonial evidence does not affect this court's review. Smith's argument therefore fails.

### 3. APPOINTMENT OF COUNSEL

Smith contends the district court abused its discretion in not appointing him postconviction counsel. We note that, despite the record containing Smith's "Motion for Appointment of Postconviction Counsel," the district court's order denying postconviction relief did not expressly deny this motion, and no order denying Smith counsel appears in the record before us. Where the alleged errors in the postconviction petition before the district court are either procedurally barred or without merit, thus establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint postconviction counsel for an indigent defendant. *State v. Oliveira-Coutinho*, 304 Neb. 147, 933 N.W.2d (2019). As set forth previously, Smith's claims were either procedurally barred or without merit. We therefore conclude the district court did not err in failing to appoint postconviction counsel for Smith.

### VI. CONCLUSION

For the reasons stated above, we affirm the order of the district court denying Smith's motion for postconviction relief without an evidentiary hearing.

AFFIRMED.